# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| MICHAEL PARKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| TENNESSEE DEPARTMENT OF SAFETY & HOMELAND SECURITY, | ) JURY DEMAND |
| Defendant. | ) |

## VERIFIED COMPLAINT

This is an action for age discrimination in employment brought by the Plaintiff, MICHAEL PARKER (hereinafter "Plaintiff" or "Trooper Parker"), by and through the undersigned counsel against the above-named Defendant.

### PARTIES

1. Plaintiff Michael Parker is a decorated Trooper in the Tennessee Highway Patrol ("THP"). He is a United States citizen and a resident of Woodbury, Tennessee.

2. Defendant Tennessee Department of Safety & Homeland Security (hereinafter "Defendant" or "TDOSHS") is a department of the government of the State of Tennessee.

3. The THP is an organization within Defendant TDOSHS.

4. Defendant TDOSHS regularly employs more than five hundred (500) employees. According to TDOSHS's position statement to the Equal Employment Opportunity Commission ("EEOC"), as of August 5, 2020, TDOSHS employed approximately one thousand seven hundred forty-five (1,745) people.

5. Defendant TDOSHS is an "employer" within the meaning of 29 U.S.C. § 630 under the Age Discrimination in Employment Act of 1967 ("ADEA") and under Tennessee law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, & 1343. This action is instituted based on Federal Question jurisdiction under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. ("ADEA") Plaintiff's causes of action arose under federal and Tennessee statutory and common law and are not conferred upon another tribunal.

7. Plaintiff further invokes the Court's pendant and supplemental jurisdiction to bring a claim under the Tennessee Human Rights Act ("THRA"), T.C.A. §§ 4-21-101, *et seq*.

8. Venue is proper in this Court because Plaintiff's cause of action arose from illegal activity conducted by Defendant inside of Tennessee.

9. Defendant is subject to the personal jurisdiction of this Court because the Defendant resides within the state of Tennessee and has engaged in conduct that has caused injury within the Middle District of Tennessee.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff attempted to handle this matter internally through a complaint filed with the Tennessee Department of Human Resources, who passed it along to the Tennessee Equal Employment Opportunity Commission, who then forwarded it to the THP Office of Professional Accountability. The Office of Professional Accountability failed to adequately resolve this matter. Further, the Office of Professional Accountability acted to shirk their responsibility for this matter and cover up Defendant's wrongful acts.

11. In good faith, Plaintiff sent a demand letter to TDOSHS Commissioner Jeff Long on May 27, 2020. TDOSHS refused to negotiate with Plaintiff.

12. Plaintiff timely field a charge of discrimination against TDOSHS on or about June 9, 2020.

13. On or about August 11, 2020, Plaintiff received from the EEOC a "Notice of Right to Sue" entitling him to commence this action against TDOSHS within ninety (90) days of his receiving that notice. Letter attached hereto as **Exhibit A**.

14. Plaintiff has more than satisfied all private, administrative, and judicial prerequisites to the institution of this action. The State of Tennessee does not have a law prohibiting the unlawful employment practices complained of in this Complaint under which Plaintiff was obligated to make a complaint or charge, other than what he has done.

## STATEMENT OF FACTS

15. Plaintiff was first hired by the THP on approximately July 29, 2007.

16. As a Tennessee Highway Patrol trooper, Mr. Parker has performed admirably for over thirteen years.

17. Trooper Parker distinguished himself through excellent performance, including recognition as Trooper of the Year, Nashville District THP in 2009 and his selection to serve as the class president for the TDOSHS Commissioner's Leadership Academy 2015-2016.

18. Trooper Parker has previously dealt with employment discrimination by the TDOSHS. Plaintiff brought a successful lawsuit against the Commissioner of TDOSHS in his official

capacity on December 18, 2018, in Davidson County Circuit Court in case number 18C313.[1]

19. Plaintiff's claims against TDOSHS in case number 18C313 were settled during a mediation and the settlement agreement remains confidential. Importantly, the settlement agreement settled all claims that could have been brought under Plaintiff's Davidson County lawsuit and the settlement agreement was signed by the parties on or about April 10, 2019 before any of Plaintiffs claims in this lawsuit arose.

20. Based on his excellent track record, Trooper Parker was confident that he would be selected for Sergeant when he applied for promotion in 2019.

21. TDOSHS policy dictates an applicant's qualifications depend on the "KSACs," or knowledge, skills, abilities, and competencies.

22. All objective measures that showed Trooper Parker was the superior candidate to be promoted to Sergeant. As a matter of fact, this was the case on May 23, 2019, and on November 18, 2019, when Trooper Parker was not selected and an inferior candidate was.

23. Trooper Parker was quite surprised and disappointed to learn that Sergeant Harrison was selected for promotion on May 23, 2019, and Sergeant Kilpatrick was selected for promotion on November 18, 2019.

24. Trooper Parker has an excellent educational background for management law enforcement through an Associates of Science degree in criminal justice with distinct honors, a Bachelor of Arts degree in criminal justice with honors, and a Master of Science degree in public service management and administration with highest honors.

---

[1] Some of the information regarding this lawsuit has been publicly reported. *See* https://www.wsmv.com/news/thp-trooper-sues-tennessee-department-of-safety-and-homeland-security/article_aad9952e-0964-11e9-b89b-373e0b830bc8.html

25. Sergeant Harrison has no higher-level education beyond high school in stark contrast to Trooper Parker's three (3) higher education degrees.

26. Sergeant Kilpatrick has no higher-level education beyond high school in stark contrast to Trooper Parker's three (3) higher education degrees.

27. Trooper Parker scored higher on the Sergeant's examination at 67.77 than both Sergeant Harrison (66.35) and Sergeant Kilpatrick (67.07). Attached hereto as **Exhibit B**.

28. THP policy for promotion to Sergeant includes an interview process where qualified applicants interview with officers of a higher rank. During the May 2019 THP Sergeant EPU promotion process, certain THP officers, namely then Lieutenant Colonel Michael McAllister, Major Michael Hamilton, and Captain Wayne Jackson served as the promotional panel.

29. During the course of the Office of Professional Accountability investigation into why Trooper Parker was not promoted on May 23, 2019, then Lieutenant Colonel Michael McAllister, Major Michael Hamilton, and Captain Wayne Jackson falsely stated that Sergeant Harrison scored higher than Trooper Parker on the Sergeant's examination.

30. Upon information and belief, Major Michael Hamilton, and Captain Wayne Jackson have each been recently punished for some sort of misconduct including demotions and/or reassignments within the THP. Trooper Parker is unaware if their punishment is related to their failure to select him as the most qualified applicant for promotion in May 2019.

31. Trooper Parker avers that information regarding why Major Michael Hamilton, and Captain Wayne Jackson were recently disciplined by the THP is relevant to his claims in this lawsuit.

32. On May 23, 2019, the much younger Harrison was selected for promotion rather than the most qualified applicant: Trooper Parker.

33. Upon information and belief, Sergeant Harrison was forty (40) years old on May 23, 2019. Trooper Parker was fifty-one (51) years old at that time.

34. On November 18, 2019, TDOSHS once again selected the younger candidate, Trooper Kilpatrick, rather than the most qualified applicant: Trooper Parker.

35. The THP officers participating on the November interview panel were Lieutenant Colonel Matt Perry, Lieutenant Colonel McAllister, and Captain Wayne Jackson.

36. Upon information and belief, Sergeant Kilpatrick was forty-nine (49) years old on November 18, 2019. Trooper Parker was fifty-two (52) years old at that time.

37. Plainly derived from Trooper Parker and Sergeant Harrison's resumes, Sergeant Harrison's qualifications were inferior to Trooper Parker's. Trooper Parker has three (3) more higher education degrees than Sergeant Harrison in fields related to the Sergeant's position. These include an Associates of Science with a focus in Criminal Justice, Bachelor of Arts in Criminal Justice, and Master of Science in Public Service Management and Administration. Sergeant Harrison has no higher education degrees. **Exhibit C** – Resumes of Trooper Parker, Sergeant Kilpatrick, and Sergeant Harrison submitted to promotion board.

38. Additionally, Trooper Parker's resume shows that he had experience as a law enforcement instructor including instruction in Dignitary Protection Threat Assessment and firearms and weapons instruction. Further, Trooper Parker has experience instructing and tutoring college graduate students with Cumberland University. This is further experience and

leadership roles that Trooper Parker possesses far surpassing the experience and leadership roles of Harrison and Kilpatrick. <u>See</u> Exhibit C.

39. Trooper Parker has both management and police work experience, nearly fifteen (15) more years' worth than Sergeant Harrison. Sergeant Harrison's experience is limited to law-enforcement settings with minimal, if any, leadership positions. Further, Trooper Parker has completed extracurricular leadership training such as the TDOSHS Commissioner's Leadership Academy where he was the class president. He was also the class president when he earned his Master of Science degree. Sergeant Harrison has not completed any extracurricular leadership classes, nor has he held any such leadership positions. Moreover, troopers are offered a promotional exam every year for the very purpose of promotions. Trooper Parker scored higher on this exam than Sergeant Harrison.

40. Objectively, there is not a single area in which Sergeant Harrison had superior knowledge, skills, abilities, or competencies above Trooper Parker on May 23, 2019, when Sergeant Harrison was chosen for promotion.

41. Additionally, Sergeant Harrison's resume appears to contain inaccurate information. Sergeant Harrison listed under his leadership experience a "CVE [Commercial Vehicle Enforcement] Administrative Officer from July-Dec 2010." Exhibit C. However, Plaintiff is confident that position ceased to exist within the THP as of 2004.

42. Due to the fact that no objective criteria support the selection of Sergeant Harrison for promotion over Trooper Parker, the only logical explanation is that TDOSHS intentionally acted to fail to select Trooper Parker for a discriminatory reason.

43. Similarly, when examining Sergeant Kilpatrick's resume, he does not appear to possess any knowledge, skills, abilities, or competencies beyond those possessed by Trooper Parker on November 18, 2019, when Sergeant Kilpatrick was selected for promotion.

44. On the form showing Sergeant Kilpatrick's promotion selection, the interview panel left blank the section of the form to state the justification for Kilpatrick's promotion. Attached hereto as **Exhibit D**.

45. Trooper Parker avers Defendant left Sergeant Kilpatrick's promotion justification blank because Defendant lacked adequate justification to select him for promotion over Trooper Parker.

46. Trooper Parker was quite concerned when he was informed of the promotion results on both occasions. He inquired into the THP's decision to promote Harrison over him and received three different pretextual responses from THP: 1) THP decided to promote within the unit, 2) Trooper Parker did not perform as well as Sergeant Harrison in his interview, and 3) Sergeant Harrison had a higher Sergeant Assessment score. Each of those reasons are simply not true.

47. Based on the THP's pattern of behavior in discriminating against him by denying him promotion despite being the most qualified candidate on multiple occasions, Plaintiff now brings this action to vindicate his rights.

## CAUSES OF ACTION

## I: VIOLATION OF THE AGE DISCRIMINATION AND EMPLOYMENT ACT OF 1967; 29 U.S.C. §§ 621, *et seq*.

48. Plaintiff hereby alleges and incorporates the proceeding paragraphs as if each individually set forth herein.

49. The Age Discrimination and Employment Act of 1967 ("ADEA") located at 29 U.S.C. §§ 621, *et seq*. declares that employment discrimination based on age is unlawful.

50. The ADEA applies to Defendant TDOSHS conduct in hiring and promoting applicants.

51. Plaintiff believes and avers that TDOSHS failed to promote him as unlawful discrimination for his age.

52. Plaintiff has been unable to discover a single legitimate reason that he was not selected for promotion on May 23, 2019, and November 18, 2019.

53. Plaintiff was and is significantly older than both Sergeant Harrison and Sergeant Kilpatrick that were selected for promotion instead of him.

54. Plaintiff was the most qualified candidate when he was not selected for promotion on May 23, 2019, and November 18, 2019, based upon the TDOSHS policy of promoting the best qualified candidate after examining knowledge, skills, abilities, and competencies of all candidates.

55. Plaintiff has been unlawfully deprived of increased income in the form of wages and increased retirement benefits, seniority, and other monetary and non-monetary benefits due to him in sums to be proved at trial.

56. Plaintiff believes and avers that TDOSHS has engaged in discriminatory and retaliatory practices intentionally or with malice, or with reckless disregard to Plaintiff's federally protected rights.

57. Plaintiff has suffered shame, humiliation, embarrassment, and mental anguish as a proximate result of the unlawful conduct of TDOSHS.

58. Plaintiff has no plain, adequate, or complete remedy at law to correct TDOSHS's unlawful employment practices. The injunctive and other equitable relief he seeks is his only means

of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

## II: VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT, T.C.A. §§ 4-21-101, *et seq*.

59. Plaintiff hereby alleges and incorporates the proceeding paragraphs as if each individually set forth herein.

60. The Tennessee Human Rights Act ("THRA") T.C.A. §§ 4-21-101, *et seq*. declares that employment discrimination based on age is unlawful.

61. Defendant TDOSHS's conduct violated Plaintiff's rights under the THRA as is specified in the allegations found in Count I.

PLAINTIFF DEMANDS ALL COUNTS BE TRIED BY JURY

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court enter Judgment against Defendant and:

1. Declare the employment practices complained of in this Complaint are unlawful in violation of the ADEA and/or the THRA;

2. Permanently enjoin TDOSHS and its agents, officers, and employees from engaging in all practices found by this Court to be in violation of the ADEA and/or the THRA;

3. Order TDOSHS to make Trooper Parker whole by compensating him with full back pay, front pay, reimbursement for all loss of pension, and any other monetary and non-monetary benefit, including compensatory and liquidated damages in amounts to be proven at trial, in no event less than **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)**;

4. Retain jurisdiction over this action to ensure full compliance with the Court's orders including requiring TDOSHS to file such reports as the Court deems necessary to evaluate compliance;

5. Award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and court costs as provided for in the ADEA and/or THRA to Plaintiff; and

6. Any further and general relief deemed appropriate by this Court.

Respectfully submitted,

/s/ Jake VanAusdall
**Jacob VanAusdall, Esq. BPR # 035369**
**Paul E. Tennison, Esq. BPR # 036956**[2]
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
jvanausdall@colelawgrouppc.com
ptennison@colelawgrouppc.com
*Attorneys for Plaintiffs*

[VERIFICATION PAGE TO FOLLOW]

---

[2] Attorney Paul E. Tennison's application for admission has been approved by the Clerk's office as of August 9, 2020. He is awaiting an admission ceremony then shall be fully admitted to practice before this Court.

## VERIFICATION

STATE OF TENNESSEE
WILLIAMSON COUNTY

I, MICHAEL PARKER, after being duly sworn according to law, makes oath that the facts stated in the foregoing Verified Complaint are true to the best of my knowledge and belief and is not made out of levity or by collusion, but in sincerity and truth, for all causes mentioned therein.

_/s/ Michael Parker_
MICHAEL PARKER

Sworn to and subscribed before me this _1st_ day of _Sept_, 2020.

_/s/ Shirley Dennis_
NOTARY PUBLIC

My Commission Expires: _12·19·2023_

[Notary Seal: SHIRLEY DENNIS, STATE OF TENNESSEE NOTARY PUBLIC, CANNON COUNTY, TN]