UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL PARKER,<br><br>　　Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF SAFETY<br>& HOMELAND SECURITY et al.,<br><br>　　Defendants. | Case No. 3:20-cv-00760<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court in this employment discrimination action is Plaintiff Michael Parker's motion for leave to file a second amended complaint. (Doc. No. 24.) Defendant Jeff Long has filed a response in opposition to Parker's motion (Doc. No. 26) and Parker has filed a reply (Doc. No. 27). For the reasons that follow, Parker's motion to amend will be granted.

**I.　　Relevant Background**

This action arises out of Parker's employment as a trooper in the Tennessee Highway Patrol (THP). (Doc. No. 14.) On September 4, 2020, Parker filed a complaint against the Tennessee Department of Safety and Homeland Security (TDSHS) alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101 et seq. (Doc. No. 1.) TDSHS filed a motion to dismiss Parker's complaint on October 20, 2020. (Doc. No. 9.) On November 2, 2020, Parker filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (Doc. No. 14.) The amended complaint, which is the operative pleading in this action, removes TDSHS as a defendant and instead names Long in his official capacity as

Commissioner of the TDSHS, which oversees the THP. (*Id.*) It also removes Parker's THRA claim, asserting only a claim for violation of the ADEA against Long. (*Id.*)

On November 13, 2020, Long filed a motion to dismiss the amended complaint under Rules 12(b)(6) and 12(b)(1) for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction. (Doc. No. 18.) Parker responded in opposition on November 27, 2020 (Doc. No. 22), and Long filed a reply on December 4, 2020 (Doc. No. 23). On December 7, 2020, Parker filed a motion for leave to amend his complaint and attached a proposed second amended complaint. (Doc. Nos. 24, 24-1.) Parker states that the proposed amended pleading "includes additional factual detail that serves to clarify [his] timeline of events." (Doc. No. 25, PageID# 273.) Long opposes Parker's motion to amend, arguing that the proposed amendments are futile because they would not survive a motion to dismiss under Rule 12(b)(6). (Doc. No. 26.) Parker has filed a reply. (Doc. No. 27.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [a] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803,

2

Case 3:20-cv-00760   Document 30   Filed 01/12/21   Page 2 of 4 PageID #: 300

817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.   Analysis**

Futility is the only ground on which Long opposes Parker's motion to amend. (Doc. No. 26.) Because futility arguments in this context are functionally dispositive, courts in this circuit recognize that they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in a dispositive motion concurrently pending before the district judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

Long's primary arguments in favor of dismissal and in opposition to the proposed second amended complaint turn on whether Parker has alleged sufficient facts to state a claim for violation of the ADEA. Allowing Long's substantive legal arguments to be addressed in a single decision

3

is the most efficient course of action and will guard against inconsistent results in different procedural contexts. Long has not argued that any other reasons exist to deny leave to amend under Rule 15(a)(2), and the Court finds that there are none. Accordingly, the Court will allow Parker's proposed amendments.

**IV.      Conclusion**

For these reasons, Parker's motion for leave to file a second amended complaint (Doc. No. 24) is GRANTED. The Clerk of Court is DIRECTED to enter the second amended complaint (Doc. No. 24-1) and its exhibits (Doc. Nos. 24-2–24-6) as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge