IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00760 |
| | ) | |
| JEFF LONG, COMMISSIONER OF | ) | JUDGE CAMPBELL |
| THE TENNESSEE DEPARTMENT OF | ) | MAGISTRATE JUDGE NEWBERN |
| SAFETY & HOMELAND SECURITY, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is a motion to dismiss the second amended complaint (Doc. No. 31) filed by Defendant Commissioner Jeff Long of the Tennessee Department of Safety & Homeland Security in his official capacity (the "Commissioner"). (Doc. Nos. 33, 34). Plaintiff filed a Response (Doc. Nos. 37, 38) and Defendant filed a Reply (Doc. No. 41). For the reasons stated below, the motion to dismiss will be **GRANTED** in part, and **DENIED** in part.

### I.  BACKGROUND

Plaintiff Michael Parker is a trooper in the Tennessee Highway Patrol ("THP"), a department of the Tennessee Department of Safety & Homeland Security ("TDSHS"). (Am. Compl., Doc. No. 31, ¶¶ 1-3). Plaintiff applied for promotion twice in 2019. Both times his application was denied, and a younger, allegedly less qualified individual was promoted instead. (*Id.*, ¶¶ 41-44).

In the pending motion, Defendant challenges the prerequisites to suit – the timing and content of Plaintiff's EEOC charge – rather than the sufficiency of pleading as to the elements of

the discrimination claim. Accordingly, this summary is focused on the timeline of events and the content of the EEOC charge.

Plaintiff applied for the first promotion in the spring of 2019. He was notified on May 29, 2019, that he was not selected. (*Id*., ¶ 32). On July 19, 2019, a younger, allegedly less qualified applicant was confirmed for promotion. (*Id*., ¶ 41). On June 25, 2019, Plaintiff filed a complaint with the Tennessee Department of Human Resources. On October 28, 2019, the Department of Human Resources informed him that his complaint was deemed "unfounded" and no further action would be taken. (*Id*. ¶ 36).

On October 17, 2019, Plaintiff applied for promotion again. (*Id*., ¶ 44). On December 12, 2019, he was informed that he was not selected. (*Id*., ¶ 47). Plaintiff alleges that on both occasions a younger, less qualified candidate was selected. (*Id*., ¶¶ 41-42, 49). He claims the Commissioner's failure to promote Plaintiff was based on age discrimination. (*Id*., ¶¶ 64-76).

On June 9, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Charge states:

> I was hired by the above-named employer on July 2, 2007, as a Trooper. The company employs more than 20 employees.
>
> On May 23, 2019 and on October 17, 2019, I was not promoted even though I was the most qualified applicant. I had the qualifications, education, leadership experience, law enforcement experience, and scored higher on the sergeant promotion exam than those selected over me. I was qualified for the position. I was not selected, but clearly a younger and lesser qualified person was selected for the position.
>
> I believe that I have been discriminated and retaliated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(Doc. No. 34-1). The Charge lists the dates the discrimination took place as between May 23, 2019 and October 19, 2019. (*Id*.). The dates provided in the EEOC Charge are the dates he was

2

Case 3:20-cv-00760  Document 45  Filed 08/23/21  Page 2 of 11 PageID #: 439

interviewed or applied for the promotions, not the dates he received notice that the applications for promotion were denied. (Am. Compl., Doc. No. 31, ¶12).

The EEOC issued a Notice of Right to Sue on August 11, 2020, and Plaintiff filed this action on September 4, 2020, asserting a single claim of age discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Plaintiff seeks the following remedies: (1) a declaration that the employment practices complained of are in violation of the ADEA; (2) a permanent injunction prohibiting the Tennessee Department of Safety & Homeland Security, Commissioner Long, and its agents, officers, and employees from engaging in practices found by the Court to be in violation of the ADEA; (3) an order directing Commissioner Long to promote Plaintiff to Sergeant effective July 19, 2019; and (4) back pay, front pay, reimbursement for lost pension, and compensatory and liquidated damages. (Am. Compl., Doc. No. 31).

Defendant moves to dismiss on grounds that the EEOC charge was not timely filed and that the requested relief is barred by the doctrine of sovereign immunity. (Doc. Nos. 33-34).

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). In reviewing this motion, the Court has considered the Charge of Discrimination Plaintiff filed with the EEOC (Doc. No. 34-1), which is referred to in the Amended Complaint and central to the claims. (*See* Am. Compl., Doc. No. 31, ¶12).

### III. ANALYSIS

**A. Sovereign Immunity**

Before addressing the timeliness of Plaintiff's substantive claim, the Court will first consider whether Plaintiff's claim is barred, in whole or in part, by sovereign immunity.

It is well established that the Eleventh Amendment bars suits for monetary relief against a state or state agency under the ADEA. *Latham v. Office of Atty. Gen. of the State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Meekison v. Voinovich*, 67 F. App'x 900, 901 (6th Cir 2003) (citing *Kimmel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). However, under the *Ex Parte Young* doctrine, immunity does not extend to claims for prospective injunctive relief brought by private citizens against state officials in their official capacity.

Defendant argues Plaintiff's claim for monetary damages is barred by the doctrine of sovereign immunity. (Doc. No. 34 at 8). Plaintiff's response to Defendant's assertion of sovereign immunity is two sentences: "Where plaintiff's request for remedies may arguably exceed the Court's jurisdiction, Plaintiff has no argument that any portion exceeding the Court's jurisdiction not be dismissed. However, Plaintiff asserts each remedy requested does not exceed the Court's

jurisdiction, may be granted, and thus is not subject to dismissal at this early stage of litigation." (Doc. No. 38 at 10-11).

Plaintiff's claims are against Jeff Long, Commissioner of the Tennessee Department of Safety and Homeland Security in his official capacity. Plaintiff's skeletal protestations notwithstanding, there appears to be no real dispute that sovereign immunity bars claims for monetary relief and that claims for prospective injunctive relief may proceed. However, the parties have not sufficiently briefed whether any of the relief Plaintiff seeks qualifies as prospective injunctive relief or addressed whether the Court has authority to grant declaratory relief. Given the lack of briefing on these issues, the Court will not consider whether any of the relief Plaintiff seeks qualifies as prospective injunctive relief. At this juncture, Plaintiff's claims for monetary damages are barred and claims for prospective injunctive relief, if any, will proceed.

B.  **The ADEA**

Prior to filing an action in federal court for age discrimination under the ADEA, an individual must file a charge of discrimination with the EEOC. 29 U.S.C. § 626. Generally, the scope of claims is limited to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998) (citing *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980)).

In states, such as Tennessee, that have created state agencies to enforce laws prohibiting discrimination, individuals must file a charge with the EEOC within 300 days of the alleged discriminatory conduct. *Id.*; *Clemons v. Metropolitan Gov't of Nashville*, 664 F. App'x 544, 546 (6th Cir. 2016). The 300-day period begins to run when the employee receives notice of the adverse action. *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001). "The pendency of grievances or some other method of collateral review of an employment decision does not toll the

5

running of the limitations period." *Russell v. Metro. Nashville Public Schools*, No. 3-11-0536, 2012 WL 3241664, at * 2 (M.D. Tenn. Aug. 7, 2012) (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980)).

## C. Exhaustion of Administrative Remedies

Defendant argues that because the EEOC charge states that the discrimination complained of took place between May 23, 2019 and October 19, 2019, and incorrectly identifies the dates Plaintiff was denied promotion, Plaintiff has not exhausted administrative remedies as to any conduct outside this period or for any dates not specifically listed, including the denial of the second application for promotion on December 12, 2019. (Doc. No. 34 at 4-5). Defendant argues that it relied upon Plaintiff's "purposeful, specific EEOC charge" confirming the relevant dates of inquiry do not go beyond October 19, 2019. (Doc. No. 41 at 3).

The exhaustion requirement does not mandate such a narrow reading of the EEOC charge. The EEOC charge states: "On May 23, 2019 and on October 17, 2019, I was not promoted even though I was the most qualified applicant…" (Doc. No. 34-1). Plaintiff explains that he wrote the date he applied for the promotion rather than the date he received notice that the promotion was denied. (Am. Compl., Doc. No. 31, ¶ 12). He argues that the claim was nevertheless exhausted because the allegations relate to the same failure to promote, and Defendant was aware that the EEOC charge referred to the promotion denied on December 19, 2019. (Doc. No. 38 at 9-10).

The scope of claims is limited to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Davis*, 157 F.3d at 463 (6th Cir. 1998). "When the facts with respect to a charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). Here, Plaintiff has not asserted a different, uncharged

6

claim. The EEOC charge clearly asserts a claim for failure to promote with regard to the second application for promotion. A misstatement of the date on which Plaintiff was notified that he was denied the promotion does not bring the current claim outside the scope of the EEOC charge as it is clear that the conduct complained of is the denial of promotion. The correct timeline would have been quickly determined through any minimal investigation of the claim.

Accordingly, the Court finds Plaintiff's claim of discrimination with regard to the second promotion is within the scope of the EEOC charge.

**D. Timeliness of the EEOC Charge With Regard to the First Application for Promotion**

As stated above, prior to filing an action in federal court for age discrimination under the ADEA, an individual must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. *Amini*, 259 F.3d at 499. The 300-day period begins to run when the employee receives notice of the adverse action. *Amini*, 259 F.3d at 499.

Plaintiff received notice that his first application for promotion was denied on May 29, 2019. (Am. Compl., Doc. No. 31, ¶ 32). A younger, allegedly less-qualified candidate was confirmed for promotion on July 19, 2019. (*Id*., ¶¶ 23, 35).

Defendant argues that the EEOC charge regarding the denial of the first application for promotion in May 2019 was filed more than 300 days after the alleged discriminatory conduct. (Doc. No. 34 at 6). First Defendant argues that the EEOC charge is "untimely on its face" because it stated that Plaintiff was denied the first promotion on May 23, 2019, a date more than 300 days before he filed the EEOC charge on July 9, 2020. As discussed above, Plaintiff has explained that the dates in the EEOC charge were not the date the promotion was denied, but other dates relevant to each request for promotion. The Court does not find cause to bar Plaintiffs claims on statute of limitations grounds based on dates in the EEOC charge that both parties agree are incorrect.

7

However, Plaintiff received notice that his first application for promotion was denied on May 29, 2019, and learned that the promotion was given to a younger, allegedly less qualified candidate on July 19, 2019. Both of these dates are also more than 300 days removed from Plaintiff's filing of the EEOC charge on July 9, 2020. Defendant argues the claims related to the first promotion should be dismissed on this basis.

Plaintiff argues the 300-day period did not begin to run until October 28, 2019, when he was notified his complaint of discrimination filed with the Tennessee Department of Human Resources was deemed "unfounded" and that no further action would be taken. (Doc. No. 38 at 5). In the alternative, Plaintiff argues the limitation period should be equitably tolled from the date he was first notified of the Defendant's decision until he was notified that the Tennessee Department of Human Resources refused to take further action on his complaint, or that the claim is not time-barred because it is part of a continuing violation. (*Id*. at 6-8).

1. <u>Plaintiff's Complaint to the Tennessee Department of Human Resources Did Not Toll the Limitations Period</u>

As stated above, the 300-day period begins to run when the employee receives notice of the adverse action. *Amini*, 259 F.3d at 499. "The pendency of grievances or some other method of collateral review of an employment decision does not toll the running of the limitations period." *Russell v. Metro. Nashville Public Schools*, No. 3-11-0536, 2012 WL 3241664, at * 2 (M.D. Tenn. Aug. 7, 2012) (holding the internal appeal of a promotion decision did not toll the statute of limitations on Plaintiff's ADEA claims) (citing *Delaware State College v. Ricks*, 449 U.S. 250 (1980)). Plaintiff has not identified any authority to the contrary. Accordingly, the Court finds Plaintiff's filing a complaint with the Tennessee Department of Human Resources did not toll the 300-day period during the pendency of the review.

2. Continuing Violation

Nor was the EEOC charge regarding the first promotion timely under Plaintiff's continuing violation theory. The law is clear that the action complained of here, failure to promote, is a discrete action constituting a separate actionable unlawful employment practice. *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Discrete actions are time barred, even when they are related to acts alleged in time filed charges." *Id*.; *see also*, *Speck v. City of Memphis*, 370 F. App'x 622, 625 (6th Cir. 2010); *Shelby v. Bank One, NA*, 58 F. App'x 175, 178-79 (6th Cir. 2003). The fact that Plaintiff has been denied promotion on more than one occasion does not equate to a continuing violation.

3. Equitable Tolling

Plaintiff argues the time for filing the EEOC charge should be equitably tolled until Plaintiff was notified that the Department of Human Resources would take no further action on his complaint. (Doc. No. 38 at 6).

The Sixth Circuit has "repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini*, 259 F.3d at 500 (citations omitted). To determine whether equitable tolling is appropriate in a given case, the Court considers the following factors: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (3) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." (*Id*.). In most cases where equitable tolling relief is granted, the plaintiff has alleged the defendant engaged in misrepresentations or other wrongdoing that caused him to miss the filing deadline or that the missed deadline was due to circumstances beyond the litigant's control. *Id*.; *Russell*, 2012 WL 3241664, * 3 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552,

560-61 (6th Cir. 2000)). Ignorance of the law or failure to seek legal advice is not sufficient to warrant equitable tolling. *See Nitch v. Eastern Gateway Comm. Coll.*, No. 20-4016, 2021 WL 2030081, at * 1 (6th Cir. May 21, 2021); *Jones v. Rutherford Cty. Bd. of Ed.*, No. 17-5524, 2018 WL 2666682, at *2 (6th Cir. Feb. 14, 2018); *Russell*, 2012 WL 3241664, at *3 (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 580 (6th Cir. 1992)).

Plaintiff argues the limitations period should be equitably tolled because he lacked constructive notice of the limitations period and was encouraged by Defendant's own policies to attempt to resolve his grievance internally. (Doc. No. 38 at 6-7). Plaintiff contends that neither Human Resources nor the EEOC liaison with whom he discussed his claims, informed him of the time limit to file an EEOC charge and that Defendant did not publicly post information regarding the time limit to pursue age discrimination claims.[1] He contends that his efforts to resolve the matter internally show diligence in pursuing his rights and that Defendant suffers no prejudice by Plaintiff's delay. Plaintiff adds he believed that his communications with the Tennessee EEOC office were analogous to filing a charge with the EEOC, and that until he received notice that his complaint was deemed "unfounded," he did not know he would be required to file a charge with the EEOC. (*Id.*).

Defendant argues that equitable tolling is not warranted. Defendant states that Plaintiff resolved a separate claim against Defendant in April 2019, and contends Plaintiff is therefore "experienced in filing employment discrimination suits." (Doc. No. 41 at 3). Defendant also claims to be prejudiced by the delay, because it relied on the EEOC charge which reflects a time-barred claim. (*Id.*).

---

[1] These allegations are not included in the Amended Complaint. (Doc. No. 31). Nevertheless, even if accepted as true for purposes of this motion, these allegations do not change the Court's conclusion that equitable tolling is not warranted, particularly given that Plaintiff waited an additional nine months after he received notice from Human Resources that no action would be taken on his complaint.

The Court finds that equitable tolling is not warranted in this case. Ignorance of the filing deadline is insufficient toll the limitations period. *See e.g., Nitch*, 2021 WL 2030081, at * 1; *Jones*, 2018 WL 2666682, at *2. Even if Plaintiff was not aware of the time limit for filing an EEOC charge until October 28, 2019, Plaintiff had more than five months from this date in which to file a timely EEOC charge; he offers no explanation for waiting almost nine months to do so. Moreover, there is no allegation that Defendant engaged in any misrepresentation or otherwise caused Plaintiff to miss the filing deadline.

Whether Plaintiff's claim regarding the first promotion accrued on May 28, 2019, or July 19, 2019, the EEOC charge filed on July 6, 2020, was untimely. Accordingly, the claims arising out of the first promotion will be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be GRANTED in part, and DENIED in part. The claim based on denial of the first application for promotion is dismissed. To the extent Plaintiff seeks prospective injunctive relief, the claim based on denial of the second application for promotion will proceed.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE